Case 2:22-cv-05690-PA-PVC   Document 1   Filed 08/11/22   Page 1 of 9   Page ID #:1

FEE PAID

FILED
2022 AUG 11  PM 1: 12
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY___ RS

1  James Alger
2  19360 Rinaldi Street #414
3  Porter Ranch, CA 91326
   Phone: (424) 343-6162
4  Email: RooTheGiantRabbit@gmail.com

In Pro Per

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES ALGER,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>DINING CONCEPTS II, INC, A BUSINESS ENTITY, AND DOES 1-10,<br><br>　　　　Defendants | Case No.:<br>**2:22-CV-05690-PA-PVCx**<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR VIOLATIONS OF AMERICANS WITH DISABILITIES ACT; CALIFORNIA UNRUH CIVIL RIGHTS ACT; GENERAL NEGLIGENCE** |

   Plaintiff JAMES ALGER ("Plaintiff") Complains of DINING CONCEPTS II, Inc.; and DOES 1-10 ("Defendants") as follows:

## PARTIES

1. Plaintiff is a California resident with physical disabilities. He suffers from Charcot-Marie-Tooth disease, arthritis, radiculopathy, myelopathy (nerve damage), and severe muscular atrophy. He has severe difficulty walking and uses a motorized scooter or wheelchair ("Wheelchair") for mobility beyond a few yards. He has a California driver's license and drives a vehicle equipped with hand controls primarily for pleasure or to run household errands. Plaintiff has a permanent California handicap parking placard that is prominently displayed in his vehicle when parked.

2. Defendants are, or were at the time of this incident, the owners, business operators, lessors, and/or lessees of the real property for a New York-style pizza dining

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF
- 1 -

establishment operating under the name of Stefano's Pizzeria located at or about 1310 3rd Street Promenade, Santa Monica CA 90401 ("Business").

3. The true names and capacities, whether individual, corporate, associate, or otherwise of Defendants DOES 1 through 10, and each of them, are unknown to Plaintiff who therefore sues Defendants by such fictitious names. Plaintiff has no knowledge of their business capacities, the ownership connection to the property and the Business, or their relative responsibilities in causing the access violations complained of, and Plaintiff alleges a joint venture and common enterprise by all Defendants. Plaintiff is informed and believes and, based thereon alleges that each of the Defendants are responsible in some capacity for the events and damages alleged, and therefore liable, or is a necessary party for obtaining appropriate relief. Plaintiff shall seek leave of the court to amend the complaint when the true names of fictitiously named Defendants identities are ascertained.

## JURISDICTION AND VENUE

4. This court has subject matter jurisdiction over this action pursuant to 28 U.S. Code §1331 and §13443(a)(3) & (a)(4) for violations of the Americans with Disabilities Act of 1990, 42 U.S. Code §12101, et seq.

5. Pursuant to pendant jurisdiction, an attendant and related cause of action arising from the same nucleus of transactions is brought under California's Unruh Civil Rights Act (Civil Code §§51 - 52) which expressly incorporates the Americans With Disabilities Act.

6. Venue is proper in this court pursuant to 28 U.S. Code §1391(b) and is founded on the fact that the real property which is the subject of this action is located in this district and Plaintiffs cause of action arose in the district.

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF
- 2 -

## FACTUAL ALLEGATIONS

7. In July of 2022 Plaintiff went to STEFANOS PIZZERIA with the intention to avail himself of its goods and/or services and did, in fact, avail himself of same. Upon arrival at the Business Plaintiff discovered that the Defendants had erected barriers blocking access for disabled persons. Specifically, the Defendants erected barriers extending their outdoor seating from their building to the curb, blocking the entire sidewalk. Behind these barriers, Defendants placed additional outdoor dining to their pre-existing outdoor dining area. These barriers effectively cut off every ADA-accessible route to the Business but specifically allowed non-ADA access via a step located at the curb, rendering pre-existing ADA curb cuts useless. Plaintiff was forced to gingerly navigate his Wheelchair between the edge of the curb and the edge of the barrier, running over the barrier mounts and other obstacles in order to patronize the Business. When past the outer barrier, other individuals moved additional barriers (e.g. tables, chairs, umbrella stands), out of the way so that he could patronize the Business. Plaintiff specifically complained to the workers behind the counter. He was told that "It's been this way for a while". Plaintiff had to have other individuals move the barriers out of the way a second time in order to exit. Plaintiff personally encountered the unlawful barriers on a total of three separate occasions. He encountered them again at a subsequent July 2022 visit. Plaintiff wrongfully assumed that his complaint would be answered by the simple correction of moving the barrier enough for disabled people to access the Business. Plaintiff has since visited the Business for a third time in August 2022 prior to the filing of this action for the sole purpose of determining if this was a "one-off event". The access remains blocked to disabled individuals. Plaintiff has patronized this Business in the past and would like to patronize this Business again

in the future, however, Plaintiff is specifically deterred due to his actual knowledge of the unlawful barriers.

8. The restaurant is a facility open to the public, a place of public accommodation, and a business establishment.

9. Unfortunately, on the dates of Plaintiff's visit Defendants failed to provide Wheelchair-accessible access to the establishment in conformance with the ADA standards as it relates to Wheelchair users like Plaintiff.

10. The restaurant provides dining surfaces and access to its building to customers but fails to provide Wheelchair-accessible access to its Business. In fact, it appears that the Defendants have gone out of their way to block access to their business by disabled persons. The city of Santa Monica has accessible curb cuts on the corner of Third Street and Arizona, including the exact corner where the Business is located, and additional curb cuts to the southeast of the Business. Both are rendered useless as an accessible path to the Business due to the Business having erected barriers from the Business to the curb to extend their outdoor dining. It is important to note that other businesses similarly situated with extended outdoor dining located in the vicinity of the Defendants have arranged their barriers in such a way that wheelchair accessibility was easily achieved. The Defendants have chosen not to do so, and as a result, there is no accessible path to place an order, access the cashier or engage in outdoor dining or dining of any type at the Business. (See diagram)



11. Plaintiff believes that there are other features of the establishment that likely failed to comply with the ADA standards and seeks to have the Business fully compliant for Wheelchair users and other persons similarly disabled.

12. On information and belief, the Defendants currently fail to provide wheelchair-accessible access to their Business.

13. The failure to provide accessible facilities created difficulty, discomfort, and embarrassment for Plaintiff.

14. These barriers relate to and impact the Plaintiff's disability. Plaintiff personally encountered these barriers.

15. As a Wheelchair user, Plaintiff benefits from and is entitled to use wheelchair-accessible facilities. By failing to provide accessible facilities, the Defendants denied Plaintiff full and equal access.

16. The Defendants have failed to maintain in working and usable condition those features required to provide ready access to persons with disabilities.

17. The barriers identified above are easily removed without much difficulty or expense. They are the types of barriers identified by the Department of Justice as presumably readily achievable to remove and, in fact, these barriers are readily achievable to remove. Moreover, there are numerous alternative accommodations that could be made to provide a greater level of access if complete removal were not achievable.

18. Plaintiff will return to the restaurant to avail himself of its goods and/or services once it is represented to him that the restaurant and its facilities are accessible. Plaintiff is currently deterred from doing so because of his knowledge of the existing barriers. If the barriers are not removed, Plaintiff will face unlawful and discriminatory barriers again.

19. Given the obvious and blatant nature of the barriers and violations alleged herein, Plaintiff alleges, on information and belief, that there are other violations and barriers on the site that relates to his disability. Plaintiff seeks to have all barriers related to his disability remedied. See Doran v. 7-11, 524 F.3d 1034 (9th Cir. 2008) (holding that once a Plaintiff encounters one barrier at a site, he can sue to have all barriers that relate to his disability removed regardless of whether he personally encountered them).

## FIRST CAUSE OF ACTION
## VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990
### (Against all Defendants (42 U.S. Code §12101, et seq))

20. Plaintiff realleges and incorporates by reference the allegations contained in all prior paragraphs of this complaint.

21. Defendants own, operates, leases from, or leases to a place of public accommodation commonly known as STEFANOS PIZZERIA. Under the ADA, it is an act of discrimination for any person(s) who owns, leases (or leases to), or operates a place of public accommodation to deny to disabled persons the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation. 42 U.S. Code §12182(a). U.S. Code §12182(b) defines discrimination, inter alia, as follows:

a. A failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations. 42 U.S. Code 12182(b)(2)(A)(ii).

b. A failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities, … where such removal is readily achievable. See 42 U.S. Code §12182(b)(A)(iv). Barriers can be defined by reference to the ADAAG, found at 28 Code Federal Regulations, Part 36, Appendix D.

c. A failure to design and construct facilities for first occupancy, if later than 30 months after July 26, 1990, that are readily accessible to and usable by individuals with disabilities, except where an entity can demonstrate that it is structurally impracticable to meet the requirements of such subsection in accordance with standards set forth or incorporated by reference and regulations issued under this subchapter. 42 U.S. Code §12183(a)(1).

22. Defendants are persons or business entities that own, operate, or lease a place of public accommodation. As such, Defendants are required to avoid discrimination and have specific duties to (1) ensure that all construction, alteration, or modification is barrier-free as to disabled persons and complies with the currently operative ADAAG; and/or (2) remove all existing barriers to disabled persons where such removal is readily achievable, and/or (3) to provide alternatives to barrier removal for the benefit of the disabled persons so that they do enjoy equal access at places of public accommodation. Defendants have failed to meet these obligations despite the fact that they were both asked to do so, and to do so would literally cost zero dollars. Consequently, Plaintiff is entitled to court-ordered relief against the Defendants to make sure that within six months from the beginning of this action the Defendants render their public accommodation premises fully compliant with the ADA.

  COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF
- 7 -

## SECOND CAUSE OF ACTION
## VIOLATION OF THE UNRUH CIVIL RIGHTS ACT
**(Against All Defendants (Cal Civil Code §51-53)**

23. Plaintiff realleges and incorporates by reference the allegations contained in all prior paragraphs of this complaint.

24. Because Defendants violated Plaintiff's rights under the ADA, they also violated the Unruh Civil Rights act and are liable for damages. California Civil Code § 51(f), 52(a).

25. Because the violation of the Unruh Civil Rights Act resulted in difficulty, discomfort, and embarrassment for the Plaintiff, the Defendants are also responsible for statutory damages, i.e., civil penalties. See California Civil Code §51(f), 52(a).

## THIRD CAUSE OF ACTION
## GENERAL NEGLIGENCE
**(Against All Defendants)**

26. Plaintiff realleges and incorporates by reference the allegations contained in all prior paragraphs of this complaint.

27. Defendants owe a duty of care to Plaintiff arising under the ADA and Unruh Civil Rights Act, to provide safe, convenient, and accessible facilities. Their violation of his duty, as alleged in the preceding paragraphs of this complaint, has caused inconvenience, injury, and damage to Plaintiff in the amount of at least minimal amounts of damages allowed by applicable statutes, the exact amount to be determined at trial.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays that this court award damages and provide relief against all named Defendants, jointly and severally, as follows:

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF
- 8 -

1.  For preliminary and permanent injunctive relief compelling Defendants jointly and severally to comply with the Americans with Disability Act and the California Unruh Civil Rights Act by fully correcting all violations of the requirements of these laws within six months of being served with summons and complaint in this action, and that said Defendants be required to report to Plaintiff and this court of the actual status of the correction of the defects charged in this complaint or the next day after the six month period has expired.

2.  Award of all appropriate damages, including but not limited to statutory damages, general damages and treble damages in amounts, according to proof.

3.  For reasonable litigation expenses and costs of suit pursuant to 42 U.S. Code 12205, Cal Civil Code 52, and Cal Code of Civil Procedure 1021.5. For reasonable attorney's fees, if applicable, pursuant to 42 U.S. Code 12205, Cal Civil Code 52, and Cal Code of Civil Procedure 1021.5.

4.  Prejudgment interest pursuant to California Civil Code §3291.

5.  For such other and further relief as the court deems just and proper.

Dated this 10th day of August, 2022.

_____
James Alger
In Pro Per

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF
- 9 -